# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDY MCCAA,

                      Plaintiff,

v.

DR. KIMBERLY MCKOWN,
DR. AMY ZIRBEL,
DR. TODD HAMILTON,
LT. MICHAEL HELMEID,
C.O. JOHN DIEDRICK,
CAPTAIN RYAN BAUMANN,
SGT. BENJAMIN WERNER,
C.O. MICHAEL FUGATE,
C.O. SAMANTHA WILLIAMS,
C.O. SARAH HAUSCHULTZ,
C.O. JARED FRANKE, and C.O.
RALPH MAKI,

                      Defendants.

Case No. 16-CV-175-JPS
USCA Case No. 16-4209

**ORDER**

      The plaintiff, a prisoner incarcerated at Waupun Correctional Institution, proceeds *pro se* in this matter in which he alleges that his civil rights were violated. (Docket #54). On December 15, 2016, the Court granted summary judgment in favor of the defendants. (Docket #80 and #81). On December 21, 2016, the plaintiff filed a notice of his intent to appeal that ruling. (Docket #82). On January 5, 2017, the plaintiff filed a motion to proceed on his appeal *in forma pauperis*. (Docket #89).

      The plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether the petitioner takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216

F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

The plaintiff's motion is largely based on a disagreement with the Court's determination that he failed to dispute the defendants' proffered facts. (Docket #89 at 2-4). As stated in its order on summary judgment, the plaintiff failed to even arguably comply with the federal and local rules of procedure on how to properly dispute facts, though he was repeatedly provided those rules. (Docket #80 at 1-3). While the Court attempted to liberally construe the plaintiffs' filings by considering his overlong legal brief, it was entitled to disregard his factual briefing for its noncompliance. *Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016) ("While we liberally construe the pleadings of individuals who proceed pro se, neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes. . . . We have repeatedly held that requiring strict compliance with [local rules on summary judgment] is not an abuse of the district court's discretion.").

The plaintiff further contends that the Court erred in denying his requests for appointed counsel. (Docket #89 at 4). *Pro se* civil litigants have no inherent right to counsel. *Smith v. Cooper*, 83 F. App'x 837, 839 (7th Cir. 2003). Throughout this action, the plaintiff has demonstrated that he is capable of understanding the nature of his case and making cogent, appropriate arguments in support thereof. The Court reiterated this fact in the summary judgment order and noted that his procedural failings appeared primarily

due to a refusal to read the rules rather than an underlying inability to understand them. (Docket #80 at 3 n.2, 17-18).

In sum, no reasonable person could agree that the plaintiff has offered any meritorious grounds for his appeal. For that reason, the Court must find that the instant appeal is not taken in good faith. The Court will, therefore, deny the motion for leave to proceed on appeal *in forma pauperis.*

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to the plaintiff regarding proceeding before the Seventh Circuit. The plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. The plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If the plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of the plaintiff's motion; instead, it may require the plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

The plaintiff's motion also contains an ancillary request for "transcripts," but it appears the plaintiff actually seeks copies of the parties' briefing on summary judgment and the Court's summary judgment order. (Docket #89 at 1). The plaintiff should already have these documents as part of the briefing and/or docketing process, and to the extent he wishes to

provide them to the Seventh Circuit, they will be transmitted directly to the Court of Appeals as part of the record in this matter. If the plaintiff nevertheless insists that he be provided copies of these documents, he should know that he may be charged for them. The plaintiff's request will, therefore, be denied without prejudice so that he may consider whether he truly wants to bear that cost.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #89) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for "transcripts" (Docket #89 at 1) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge