# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RANDY MCCAA,<br><br>                      Plaintiff,<br>v.<br><br>DR. TODD HAMILTON, DR. KIMBERLY MCKOWAN, DR. AMY ZIRBEL, CAPTAIN RYAN BAUMANN, LT. MICHAEL HELMEID, C.O. JOHN DIEDRICK, SGT. BENJAMIN WERNER, C.O. MICHAEL FUGATE, C.O. SAMANTHA WILLIAMS, C.O. SARAH HAUSCHULTZ, C.O. JARED FRANKE, and C.O. RALPH MAKI,<br><br>                      Defendants. | Case No. 16-CV-175-JPS<br>7th Circuit Case No. 19-1603<br><br><br><br><br><br><br><br><br>**ORDER** |

On March 21, 2019, the Court denied Plaintiff's fifth motion for appointment of counsel and reaffirmed its dismissal of this action with prejudice. (Docket #109). Plaintiff filed a notice of appeal of that decision on April 2, 2019. (Docket #111). Accompanying that notice is a motion for leave to proceed *in forma pauperis* on appeal. (Docket #116). For the reasons stated below, the Court will grant that motion.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he or she can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must

complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. *Id.* § 1915(b)(1).

After the initial fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the plaintiff's preceding month's income is $10.00 or less. *Id.*

There are three grounds for denying a prisoner appellant's request to proceed *in forma pauperis*: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See id.* §§ 1915(a)(2)–(3), (g). The Court finds that Plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether Plaintiff filed this appeal in good faith.

A party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) ("[A] plaintiff who. . .was allowed to proceed *in*

*forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (quotation omitted); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In his motion for leave to proceed *in forma pauperis* on appeal, Plaintiff describes the reasons he believes the Court erred in dismissing this action. (Docket #116). He further explained his disagreements in an accompanying motion seeking certification that the appeal is not frivolous. (Docket #117).[1] Debating the merits of his appeal is for the Court of Appeals to undertake, so this Court need not address Plaintiff's reasons for his appeal in granular fashion. Rather, in light of the exceedingly lenient standard of review and Plaintiff's comprehensive submissions, this Court is satisfied that Plaintiff's appeal is taken in good faith. He will, therefore, be permitted to proceed on appeal *in forma pauperis*.

Along with his request to proceed *in forma pauperis*, Plaintiff filed a certified copy of his prison trust account statement for the six-month period

---

[1]In the motion relating to transcripts, Plaintiff states that he wants free copies of documents in the record because of his indigence. (Docket #117). He cites, however, only the statute which provides for free copies of *transcripts* of proceedings. *See* 28 U.S.C. § 753(f). No transcripts have been generated in this case because no hearing were ever held. The motion will, therefore, be denied.

immediately preceding the filing of his notice of appeal. (Docket #119). A review of this information reveals that Plaintiff is required to pay an initial partial filing fee of $14.58, as well as additional payments pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds*, *Walker*, 216 F.3d 626. Plaintiff must pay this amount within thirty days from the date of this Order or his appeal may be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #116) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a certification that the appeal is not frivolous and for transcripts (Docket #117) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that by **May 16, 2019**, Plaintiff shall forward to the Clerk of Court the sum of $14.58 as the initial partial filing fee in this appeal. Plaintiff's failure to comply with this order may result in dismissal of his appeal. The payment shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state,

or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge